# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARMONI JOHNSON, | : | |
|    Plaintiff | : | CIVIL ACTION NO. 3:15-CV-1232 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| SERGEANT MICHAEL ROSKOSCI, | : | |
|    Defendant | : | |
| | : | |

## **MEMORANDUM**

On June 23, 2015, Plaintiff instituted the above-captioned matter by filing a pro se complaint pursuant to 42 U.S.C. § 1983 against Defendant, Sergeant Michael Roskosci. (Doc. 1). Plaintiff alleges that Defendant discriminated against him, and violated his "freedom of religion" and rights under the Fourth Amendment of the United States Constitution when Defendant "illegally seized" Plaintiff's "religious property," specifically Plaintiff's necklace of "religious cultural tribal beads." (Id. at p. 2). Simultaneously with his complaint, Plaintiff filed a motion to proceed in forma pauperis. (Doc. 2). On July 7, 2015, Plaintiff's motion to proceed in forma pauperis was granted, and the Clerk of Court was directed to send AO 398 and 399 waiver forms to Defendant. (Doc. 7). On July 28, 2015, Defendant returned an executed waiver of service. (Doc. 10). Defendant's answer to the complaint was due on or around September 14, 2015. See (Id.).

On October 13, 2015, Plaintiff filed a motion for default judgment because "[i]t appears that [D]efendant has not responded to [Plaintiff's] complaint, it has been over 60 days." (Doc. 11). Plaintiff seeks one hundred thousand dollars ($100,000.00) from Defendant for "pain and suffering from such deprivation of religious rights and from the sadness such deprivation or infringement into [Plaintiff's] freedom of religion has caused." (Doc. 1, p. 3). The Clerk of Court entered default against Defendant on October 13, 2015. (Doc. 13). On November 9, 2015, Defendant filed a motion to vacate the Clerk's entry of default and a supporting brief. (Docs. 15-16). On November 18, 2015, Plaintiff filed his brief in opposition. (Doc. 18). Defendant has not filed a reply to Plaintiff's brief in opposition, and the deadline for such a filing has expired. See M.D. Pa. L.R. 7.7. For the reasons set forth below, Defendant's motion to vacate the entry of default, (Doc. 15), will be granted and, as a result, Plaintiff's motion for default judgment, (Doc. 11), will be denied.

I.   **STANDARD OF REVIEW**

Initially, the United States Court of Appeals for the Third Circuit has stated that it "'does not favor entry of defaults or default judgments.'" Hill v. Williamsport Police Dept., 69 F. App'x 49, 51 (3d Cir. 2003) (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984)). Rather,

"[the Third Circuit] prefers adjudications on the merits." Hill, 69 F. App'x at 51 (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983); Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 245 (3d Cir. 1951)); PTD Enterprises, LLC v. Hospitality Trade Program, LLC, 2015 U.S. Dist. LEXIS 53680, at *5 (M.D. Pa. Apr. 24, 2015) (Mannion, J.) ("Any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits.") (citing Gross, 700 F.2d at 122).

"A court may set aside entry of default for good cause," World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012) (citing FED. R. CIV. P. 55(c)), and such a determination is "within the sound discretion of the district court." F.C. Intrieri Const. Co. v. Patel, 2012 U.S. Dist. LEXIS 79062, at *3 (M.D. Pa. 2012) (Kane, J.) (citing Dambach v. United States, 211 F. App'x 105, 109 (3d Cir. 2006)). To determine whether an entry of default should be set aside this Court must consider

> (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of defendant's culpable conduct.

Dambach, 211 F. App'x at 109 (citing $55,518.05 in U.S. Currency, 728 F.2d at

3

195).  "Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard."  Nat'l Specialty Ins. Co. v. Papa, 2012 U.S. Dist. LEXIS 34047, at *4 (D.N.J. 2012) (citing Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2692 at 471).

## II.  DISCUSSION

A default judgment has not yet been entered in this action.  Accordingly, the Court must first consider Defendant's motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c).  Davis v. Metro. Life Ins. Co., 2015 U.S. Dist. LEXIS 16292, at *6 (M.D. Pa. Feb 11, 2015) (Conner, J.) (citing Olivia B. ex rel. Bijon B. v. Sankofa Acad. Charter Sch., 2014 U.S. Dist. LEXIS 155993, at *10 (E.D. Pa. 2014)).  The Court will address each of the factors applicable to the Rule 55(c) analysis seriatim.

First, as to whether a party will be prejudiced by the setting aside of an entry of default, such an action "prejudices a party when 'circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable.'"  Id. at *3 (quoting Accu-Weather, Inc. v. Reuters, Ltd., 779 F. Supp.

801, 802 (M.D. Pa. 1991) (McClure, J.)). According to the United States Court of Appeals for the Third Circuit, "'[d]elay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice.'" Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 523-24 (3d Cir. 2006) (alterations in original) (quoting Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982)). Further, "[r]equiring a party to litigate [his/]her claims on the merits does not constitute prejudice." Davis, 2015 U.S. Dist. LEXIS 16292, at *3 (citing Griffin v. Lockett, 2009 U.S. Dist. LEXIS 5097, at *4 (M.D. Pa. 2009)). "[N]or does any delay or additional expense resulting from the denial of default judgment" constitute prejudice. Id. (citing Olivia B., 2014 U.S. Dist. LEXIS 155993, at *18 ).

Here, Plaintiff claims that he "is prejudiced from defendant failing to respond to complaint in a timely manner" because relevant evidence may have become lost or unavailable. (Doc. 18, p. 2). Specifically, Plaintiff claims that "everything that was on camera" in the Luzerne County Correctional Facility "as EXCULPATORY EVIDENCE is now gone I will suppose." (Id.) (emphasis in original). However, a speculative claim that there has, in fact, been a loss of evidence is insufficient to weigh in favor of granting default judgment. See Barclay Transp. v. Land O'Lakes, Inc., 2008 U.S. Dist. LEXIS 77039, at *13

(M.D. Pa. 2008) (Kane, J.) ("The inability to determine whether one would in fact suffer prejudice or a conjectural remark that evidence or witnesses 'may no longer be available' and nothing more is not the sort of 'true prejudice' that weighs in favor of entering default judgment.") (citing Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). Further, at this time, it does not appear that Plaintiff's ability to pursue his claim will be hindered by this relatively slight delay. See Nationwide Mut. Ins. Co., 175 F. App'x at 523-24; see (Docs. 11, 14, 17). Moreover, as the default was entered not long after the filing of the complaint, and as Defendant moved to vacate the default shortly after its entry, the Plaintiff would not be prejudiced by vacating the entry of default. See Dambach, 211 F. App'x at 109. Therefore, the first factor weighs in favor of vacating default in this action.

Second, the Court must determine whether Defendant has established a facially meritorious defense to Plaintiff's claim. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" $55,518.04 in U.S. Currency, 728 F.2d at 194-95 (quoting Tozer v. Charles A. Krause Mill. Co., 189 F.2d 242, 244 (3d Cir. 1951)). "While a defendant need not establish 'beyond a shadow of a doubt' that he or she will prevail at trial, 'it is not enough for a defendant to allege only simple denials or conclusory statement.'" Paradise v.

Com. Fin. Sys., Inc., 2014 U.S. Dist. LEXIS 132814, at *4 (M.D. Pa. 2014) (Brann, J.) (quoting Ewing & Kreiser, P.C. v. Stephens, 2009 U.S. Dist. LEXIS 37605, at *5 (E.D. Pa. 2009)). "Nevertheless, a defendant must merely 'show that it has a defense to the action which at least has merit on its face.'" Paradise, 2014 U.S. Dist. LEXIS 132814, at *4 (quoting Stephens, 2009 U.S. Dist. LEXIS 37605, at *5).

Here, Plaintiff claims that Defendant has discriminated against him and that his "freedom of religion" and rights under the Fourth Amendment of the United States Constitution were violated when Defendant "illegally seized" Plaintiff's "religious property," specifically Plaintiff's necklace of "religious cultural tribal beads." See (Doc. 1, pp. 2, 6-10, 16-19). Specifically, Plaintiff alleges that Defendant confiscated his "religious cultural tribal beads . . . because they did not have crosses on them and because they were allegedly altered." (Id. at p. 6).

Defendant asserts a defense to Plaintiff's claims, which he argues, "if established, would constitute a complete defense to the action brought by the Plaintiff." (Doc. 16, pp. 4-7). In particular, Defendant contends that "Plaintiff has failed to state a claim upon which relief could be granted." (Id. at pp. 4-5) (citing FED. R. CIV. P. 12(b)(6)). Defendant, a "prison Sergeant" at the Luzerne County Correctional Facility, argues that "Plaintiff merely alleges that Defendant was

lawfully and properly effectuating his duties as Sergeant of the prison by enforcing the policy contained within the DOC Handbook." (Doc. 16, p. 6). In support of this claim, Defendant directs the Court's attention to Rule 13 of the DOC Handbook, which states:

> Inmates are not allowed to possess contraband. (Contraband is any item not lawfully permitted to be kept upon commitment, any item not (lawfully) obtained through the prison or any item altered or changed from original condition or purpose).

(Id.). Further, Plaintiff attached an exhibit to his complaint which indicates that Defendant confiscated the items at issue because they were considered altered contraband. (Doc. 1, p. 13). Thus, as a result, Defendant argues that Plaintiff merely alleges that Defendant was enforcing the prohibition on altered items contained in Rule 13 of the DOC Handbook. (Doc. 16, p. 6).

"Prison inmates do not forfeit their constitutional right to freely exercise their religion when they enter the prison gates." Dunn v. Sec. of Pa. Dep't of Corrs., 490 F. App'x 429, 431 (3d Cir. 2012) (citing Cruz v. Beto, 405 U.S. 319 (1972)). "Incarcerated inmates, however, enjoy their rights under a more limited framework than the average citizen." Id. (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)). The United States Court of Appeals for the Third Circuit has stated that "the fact of incarceration and the valid penological objectives of

deterrence of crime, rehabilitation of prisoners, and institutional security may justify limitations on the exercise of constitutional rights by an inmate." Dunn, 490 F. App'x at 431 (citing DeHart v. Horn, 227 F.3d 47, 50-51 (3d Cir. 2000)). "When a prisoner asserts a First Amendment free exercise claim that 'a prison policy is impinging on [his] constitutional rights,' the court must then apply the four factor test set forth in" Turner v. Safely,[1] "to determine whether the curtailment at issue is 'reasonably related to penological interests.'" Garraway v. Lappin, 490 F. App'x 440, 443 (3d Cir. 2012) (quoting DeHart, 227 F.3d at 51). According to the Third Circuit, "[a] prison regulation that impinges on an inmates right to free exercise of religion is valid 'if it is reasonably related to legitimate penological interests.'" Dunn, 490 F. App'x at 431 (quoting O'Lone, 482 U.S. at 349); see Piskanin v. Hammer, 269 F. App'x 159, 162 (3d Cir. 2008) (The

---

[1] 482 U.S. 78 (1987). The United States Court of Appeals for the Third Circuit has stated that under Turner, courts must weigh four factors in making this determination: "'first, whether the regulation bears a "valid, rational connection" to a legitimate and neutral governmental objective; second, whether prisoners have alternative ways of exercising the circumscribed right; third, whether accommodating the right would have a deleterious impact on other inmates, guards, and the allocation of prison resources generally; and fourth, whether alternatives exist that "fully accommodate[ ] the prisoner's rights at de minimis cost to valid penological interests."'" Sutton v. Rasheed, 323 F.3d 236, 252-53 (3d Cir. 2003), as amended (May 29, 2003) (quoting Fraise v. Terhune, 283 F.3d 506, 513-14 (3d Cir. 2002)); see also Waterman v. Farmer, 183 F.3d 208, 212 (3d Cir. 1999) ("Constitutional challenges to laws, regulations, and policies governing prison management must be examined under the framework of Turner v. Safley ....").

Plaintiff's "First Amendment right to free exercise of religion was not impermissibly impinged by the confiscation of his medal/necklace, because confiscation satisfied the legitimate and neutral purpose of protecting him, and he was not otherwise prevented from practicing his religion.") (citing Turner, 482 U.S. 89-90; Sutton v. Rasheed, 323 F.3d 236, 252-53 (3d Cir. 2003)).

Consequently, in light of the foregoing, Defendant's proposed defense, if established, would constitute a complete defense to Plaintiff's claims. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) ("it is sufficient that [the defendant's] proffered defense is not 'facially unmeritorious.'") (quoting Gross, 700 F.2d at 123); Barclay Transp., 2008 U.S. Dist. LEXIS 77039, at *13 (quoting Emcasco Ins. Co., 834 F.2d at 74). Thus, it is determined that Defendant has sufficiently established a facially meritorious defense to Plaintiff's claims, which weighs in favor of setting aside the entry of default.

As to the third factor, "[a] defendant's conduct in failing to defend an action is culpable when it acts 'willfully' or in 'bad faith.'" Davis, 2015 U.S. Dist. LEXIS 16292, at *20 (citing Chamberlain v. Giampapa, 210 F.3d 154,164 (3d Cir. 2000)). "Mere negligence does not constitute culpable conduct." Id. (citing Hritz, 732 F.2d at 1183). A "serious breakdown in communication" "among counsel for a party supports a finding of excusable neglect." Id. (citing Zawadski, 822 F.2d at

421).

There is nothing in the record of the above-captioned action to demonstrate that Defendant's delay in responding to the complaint was the result of culpable conduct, such as bad faith or deliberate trial strategy. See Dambach, 211 F. App'x at 110 (citing Gross, 700 F.2d at 124; Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419 (3d Cir. 1987)). According to Defendant, his failure to timely file a response was due to a series of errors. Specifically, Defendant asserts that he "forwarded the waiver to Prison Administration and ultimately to the Luzerne County Office of Law." (Doc. 16, p. 8). However, "[t]he documentation was not forwarded to defense counsel and no response was filed." (Id.). Defendant also contends that his name is misspelled "in the case caption and in the pleadings," which "hindered the tracking of the matter and contributed to the delay." (Id.). According to Defendant, "[u]pon discovery of the default, defense counsel acted promptly." (Id.). Thus, based on the foregoing, there is nothing in the record suggesting that Defendant has been more than merely negligent. Hritz, 732 F.2d at 1183; see Davis, 2015 U.S. Dist. LEXIS 16292, at *20 ("Mere negligence alone does not constitute culpable conduct."). Consequently, like the first two factors, the third factor weighs in favor of vacating the entry of default.

### III.  CONCLUSION

As a result of the above discussion, Defendant's motion to vacate entry of default will be granted.  Consequently, Plaintiff's motion for default judgment will be denied.  See Nationwide Mut. Ins. Co., 175 F. App'x at 521 n.1 ("'Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).'") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682, at 13 (3d ed. 1998)).

A separate order will be issued.


Date: January 12, 2016                             /s/ William J. Nealon
                                                   **United States District Judge**