# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

ARMONI JOHNSON,          :
       Plaintiff        :    CIVIL ACTION NO. 3:15-CV-1232
                  :    (Judge Nealon)
     v.              :
                  :
SERGEANT MICHAEL ROSKOSCI,:
       Defendant     :
                  :

# MEMORANDUM

On June 23, 2015, Plaintiff instituted the above-captioned matter by filing a

pro se complaint pursuant to 42 U.S.C. § 1983 against Defendant, Sergeant

Michael Rostkowski.[1]  (Doc. 1).  Plaintiff alleges that Defendant violated

Plaintiff's right to "freedom of religion" secured by the First Amendment of the

United States Constitution and rights under the Fourth Amendment when

Defendant "illegally seized" Plaintiff's "religious property," specifically Plaintiff's

"religious cultural tribal beads."  (Id. at p. 2).  Additionally, Plaintiff claims that he

was the victim of Defendant's discrimination, harassment, and retaliation.  (Id.);

(Doc. 1-1, pp. 3, 5, 8).  Plaintiff seeks one hundred thousand dollars ($100,000.00)

from Defendant for "pain and suffering from such deprivation of religious rights

and from the sadness such deprivation or infringement into [Plaintiff's] freedom of

---

[1] Plaintiff identifies Defendant as Michael Roskosci.  (Doc. 1).  However, Defendant indicates that his last name is "Rostkowski."  (Doc. 22, p. 2).

religion has caused."[2]  (Doc. 1, p. 3).  On January 13, 2016, Defendant filed a

motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) and brief in support.  (Docs. 21, 22).  On March 11, 2016, the Court,

having not received Plaintiff's brief in opposition, issued an Order directing

Plaintiff to file a brief in opposition on or before March 31, 2016.  (Doc. 26).  On

April 4, 2016, Plaintiff filed his brief in opposition.  (Doc. 27).[3]  To date,

Defendant has not filed a reply to Plaintiff's brief in opposition, and the time for

filing such has passed.  See M.D. Pa. L.R. 7.7.  As a result, Defendant's motion to

dismiss is ripe for disposition.  For the reasons stated below, Defendant's motion

will be granted in part and denied in part.

## I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of

---

[2]  The Court notes that in his supplement to the complaint, Plaintiff states that he is seeking "75 thousand dollars in compensation from emotional distress caused by such deprivation of" his freedom of religion, the illegal seizure of his religious property, pain and suffering, and his enjoyment from "the dignity of wearing [his] religious cultural beads . . . ." (Doc. 1-1, p. 5).

[3]  Plaintiff states in his brief in opposition that he seeks to have this Court construe his January 19, 2016 filing, (Doc. 23), "as Plaintiff opposing" Defendant's motion to dismiss.  (Doc. 27, p. 1).  First, the Court determines that Plaintiff's January 19, 2016 filing, which predates Defendant's motion, see (Doc. 23, p. 25), will be considered in disposing of Defendant's motion.  Second, Plaintiff's January 19, 2016 filing also appears to be an attempt to amend his complaint.  See (Id. at p. 1).  Therefore, Plaintiff's January 19, 2016 filing also will be construed as a motion to amend his complaint filed pursuant to Federal Rule of Civil Procedure 15(a)(2) and disposed of by separate order.

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "When ruling on a motion to dismiss under Rule 12(b)(6), the court must 'accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.'" Altland v. Wetzel, 2015 U.S. Dist. LEXIS 124787, at *2 (M.D. Pa. 2015) (Conner, J.) (alterations in original) (quoting Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)). "Although the court is generally limited in its review to the facts contained in the complaint, it 'may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.'" Id. (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

"Federal notice and pleading rules require the complaint to provide 'the defendant notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)). "To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry." Id. (citing Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010)). At the first step, "the court must '[t]ake note of the elements a plaintiff must plead to state a claim.'" Santiago, 629 F.3d at

130-31 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  At the second step,

"the factual and legal elements of a claim should be separated; well-pleaded facts

must be accepted as true, while mere legal conclusions may be disregarded."

Altland, 2015 U.S. Dist. LEXIS 124787, at *2-3 (citing Santiago, 629 F.3d at 130-

31; Fowler v. UPMC Shadyshide, 578 F.3d 203, 210-11 (3d Cir. 2009)).  Then,

"[o]nce the well-pleaded factual allegations have been isolated, the court must

determine whether they are sufficient to show a 'plausible claim for relief.'"  Id. at

*3 (quoting Iqbal, 556 U.S. at 679; citing Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to

relief above the speculative level").  A complaint must be dismissed under Federal

Rule of Civil Procedure 12(b)(6) if it fails to allege "enough facts to state a claim

to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  The non-

moving party must aver "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 663.

   "However, even 'if a complaint is subject to Rule 12(b)(6) dismissal, a

district court must permit a curative amendment unless such an amendment would

be inequitable or futile.'"  Payne v. Duncan, 2016 U.S. Dist. LEXIS 10969, at *3

(M.D. Pa. Jan. 29, 2016) (Mariani, J.) (quoting Phillips, 515 F.3d at 245).  The

United States Court of Appeals for the Third Circuit has stated that:

> even when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

Phillips, 515 F.3d at 245.

In addition, given that he was granted in forma pauperis status to pursue this suit, see (Doc. 7), the screening provisions of 28 U.S.C. § 1915(e) apply. The court's obligation to dismiss a complaint under the Prisoner Litigation Reform Act's ("PLRA") screening provisions for complaints that fail to state a claim is not excused even after a defendant has filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Id.; Dare v. U.S., 2007 U.S. Dist. LEXIS 45040 (W.D. Pa. 2007), aff'd, 264 F. App'x 183 (3d Cir. 2008).

Finally, "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Capogrosso v. The Supreme Court of N.J., 588 F.3d 180,

184 n.1 (3d Cir. 2009)).  Therefore, the allegations advanced by Plaintiff, a <u>pro se</u> litigant, will be liberally construed.

## II.   <u>FACTUAL ALLEGATIONS</u>

On April 5, 2015, Plaintiff, a "practicing Muslim," was "not bothering anyone, but about to offer prayer inside [his] jail cell." (Doc. 1-1, pp. 1, 3). Defendant came to Plaintiff's cell and asked Plaintiff "why [his] religious cultural be[a]ds did not have crosses on them and to give [the beads] to him." (<u>Id.</u> at p. 3). Defendant then seized Plaintiff's "religious cultural be[a]ds." (<u>Id.</u> at pp. 1, 3). Defendant stated that he was seizing Plaintiff's beads because "they did not have crosses on them and" were altered.  (<u>Id.</u> at p. 1).  Plaintiff does "not practice the belief of wearing a cross or calling be[a]ds Rosemary (<u>sic</u>) be[a]ds." (<u>Id.</u>).  "[I]t is [Plaintiff's] personal religious beliefs to pray with [his] religious cultural be[a]ds (jewels) around [his] neck and has been [his] common religious practice for years." (<u>Id.</u> at p. 2).  According to Plaintiff, "[m]aterial that is not prohibited in facility such as white and black be[a]ds is of religious material of [Plaintiff's] beliefs." (<u>Id.</u> at p. 6).  He also alleges that Defendant has been "writing false reports against" Plaintiff. (<u>Id.</u> at p. 5).

Also on April 5, 2015, Defendant cited Plaintiff for misconduct claiming Plaintiff altered his property and refused to obey an oral order.  (<u>Id.</u> at p. 3); <u>see</u>

(Doc. 1, Exhibit 1).  Defendant claimed that he observed Plaintiff wearing two (2) altered "rosaries."  (Doc. 1, Exhibit 1).  Specifically, Defendant stated that the "rosaries" had "the crosses taken off."  (Id.).  Defendant then claimed that he "gave [Plaintiff] a direct order to hand them to" Defendant, but Plaintiff did not obey the order.  (Id.).  Ultimately, Defendant confiscated Plaintiff's religious beads.  See (Doc. 1).

On April 6, 2015, Plaintiff filed an inmate grievance regarding the seizure of his religious beads.  (Id. at Exhibit 2).  On April 7, 2015, the grievance officer, Captain Kevin J. Gallagher, responded to Plaintiff's grievance.  (Id.).  Captain Gallagher stated in his response that, inter alia, Plaintiff's "beads were altered," and that Defendant was "correct for seizing the beads."  (Id.).  Captain Gallagher also stated that Plaintiff was given a "misconduct for this incident," and Plaintiff could "state [his] case to the hearing examiner."  (Id.).

## III.  DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

7

> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceedings for redress . . . .

42 U.S.C. § 1983; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002);

Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under §

1983, a plaintiff must allege 'the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law.'" Altland, 2015 U.S. Dist.

LEXIS 124787, at *12 (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

"Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner

may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal

law, he must exhaust all available administrative remedies." Batista v. Eckard,

2016 U.S. Dist. LEXIS 116147, at *12 (M.D. Pa. Aug. 30, 2016) (Caldwell, J.)

(citing 42 U.S.C. § 1997e(a); Ross v. Blake, 136 S. Ct. 1850, 1858 (2016)).

Pursuant to 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions
> under Section 1979 of the Revised Statutes of the United States
> (42 U.S.C. § 1983), or any other federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until
> such administrative remedies as are available are exhausted.

"The exhaustion requirement of the PLRA is one of 'proper exhaustion.'" Batista,

8

2016 U.S. Dist. LEXIS 116147, at *13 (quoting Woodford v. Ngo, 548 U.S. 81, 89 (2006)).  "The Supreme Court has clearly stated that 'there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.'"  Batista, 2016 U.S. Dist. LEXIS 116147, at *13-14 (quoting Jones v. Bock, 549 U.S. 199, 212 (2007)).  "As exhaustion is a precondition for brining suit and, as such, it is a '"threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."'"  Id. at *14 (quoting Small v. Camden Cnty., 728 F.3d 265, 270 (3d Cir. 2013)).  "Claims for monetary relief are not excused from the exhaustion requirement."  Scott v. Derose, 2016 U.S. Dist. LEXIS 111995, at *10-11 (M.D. Pa. Aug. 23, 2016) (Brann, J.) (citing Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000)).  "Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action."  Id. at *11 (citing Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000)).  Importantly, however, "[a] prisoner is not required to allege that administrative remedies have been exhausted."  Batista, 2016 U.S. Dist. LEXIS 116147, at *14 (citing Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)).  "Failure to exhaust available administrative remedies is an affirmative defense."  Id. (citing Ray, 285 F.3d at 287).  "As such, it must be pled and proven by the defendants."

<u>Batista</u>, 2016 U.S. Dist. LEXIS 116147, at *14 (citing <u>Brown v. Croak</u>, 312 F.3d 109, 111 (3d Cir. 2002)).  Failure to exhaust administrative remedies "can be waived," and thus, "it may not provide grounds for the dismissal of the instant Complaint on screening."  <u>Kocher v. Luzerne Cnty. Corr. Facility</u>, 2011 U.S. Dist. LEXIS 64926, at *6 (citing <u>Ray</u>, 285 F.3d at 295); <u>see</u> <u>Gomez v. United States</u>, 2016 U.S. Dist. LEXIS 27188, at *8 (M.D. Pa. Mar. 3, 2016) (Kane, J.) ("exhaustion requirement under the [PLRA] is an affirmative defense and can be waived . . . .").  "The United States Supreme Court in <u>Jones</u> noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  <u>Scott</u>, 2016 U.S. Dist. LEXIS 111995, at *11.

Plaintiff alleges that he has fully exhausted his available administrative remedies regarding each of his claims.  (Doc. 1, p. 2).  Plaintiff has also attached the grievance he filed on April 6, 2015, to his complaint, which was denied on April 7, 2015.  <u>See</u> (Doc. 1-1, Exhibit 2).  While it remains unclear whether Plaintiff has fully exhausted his administrative remedies, Defendant does not contend, at this stage in the proceedings, that Plaintiff has failed to fully exhaust

his administrative remedies.  See (Doc. 22).  As a result, the Court will now turn to the merits of Plaintiff's claims.

Liberally construing his pro se complaint, Plaintiff claims that the search, which led to the alleged seizure of his religious beads, and the circumstances surrounding that search violated a number of his rights secured by the United States Constitution.  In particular, as discussed in more detail below, Plaintiff advances claims under the First,  Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

Defendant argues that Plaintiff's complaint "fails to allege a violation or deprivation of any right(s) protected by the United States Constitution or 42 U.S.C. § 1983."  (Doc. 22, p. 4).  Specifically, Defendant claims that "Plaintiff provides no legal or factual basis to sustain either a First Amendment or a Fourth Amendment claim against Defendant."  (Id.).  Further, according to Defendant, "[t]he allegations in Plaintiff's Complaint do not create a 'plausible' claim for relief as required by" Federal Rule of Civil Procedure 8(a) and "the Supreme Court's decisions in" Twombly and Iqbal.  (Id.).

A.   **First Amendment Claims**

1.   Free Exercise

Plaintiff alleges that his right to "freedom of religion" under the First

11

Amendment was violated when Defendant seized Plaintiff's religious beads.

(Doc. 1, p. 2).  "The Free Exercise Clause of the First Amendment provides that

'Congress shall make no law respecting an establishment of religion, or

prohibiting the free exercise thereof . . . ."  Sutton v. Rasheed, 323 F.3d 236, 250-

51 (3d Cir. 2003) (quoting U.S. CONST. amend. I.).  "Although prison walls 'do

not form a barrier separating prison inmates from the protections of the

Constitution,' inmates' First Amendment rights 'must in some respects be limited

in order to accommodate the demands of prison administration and to serve valid

penological objectives.'"  Id. at 252 (quoting Fraise v. Terhune, 283 F.3d 506, 515

n.5 (3d Cir. 2002)).  "The Supreme Court has established that regulations

reasonably related to legitimate penological interests generally pass constitutional

muster."  Id. (citing Turner v. Safley, 482 U.S. 78, 84 (1987); O'Lone v. Shabazz,

482 U.S. 342 (1987)).

In determining whether a regulation is reasonably related to legitimate

penological interests a court must consider the following four (4) factors: 1)

"whether the regulation bears a 'valid, rational connection' to a legitimate and

neutral governmental objective;" 2) "whether prisoners have alternative ways of

exercising the circumscribed right;" 3) "whether accommodating the right would

have a deleterious impact on other inmates, guards, and the allocation of prison

resources generally;" and 4) "whether alternatives exist that 'fully accommodate[]

the prisoner's rights at <u>de minimis</u> cost to valid penological interests.'" <u>Turner</u>,

482 U.S. at 89.

When analyzing the first <u>Turner</u> factor, which "requires consideration of

whether the restrictions on the plaintiff's religious rights bear a valid and rational

connection to a legitimate and neutral objective," courts "accord great deference to

the judgment of prison officials, who are charged with the 'formidable task' of

running a prison." <u>Banks v. Beard</u>, 2013 U.S. Dist. LEXIS 140629, at *26-27

(M.D. Pa. 2013) (Munley, J.) (citing <u>Sutton</u>, 323 F.3d at 253).  This factor "is

'foremost' in the Court's analysis, in that a rational connection is a 'threshold

requirement.'" <u>Id.</u> at *27 (citing <u>Sutton</u>, 323 F.3d at 253).  As for the second

<u>Turner</u> factor, the court must consider "whether the inmate has other means of

practicing his religion generally, not whether he has other means of engaging in

any particular practice." <u>Id.</u> (citing <u>Sutton</u>, 323 F.3d at 255).  The third and fourth

<u>Turner</u> factors "focus on the specific religious practice or expression at issue and

the consequences of accommodating the inmate for guards, for other inmates, and

for the allocation of prison resources." <u>Id.</u> (citing <u>Sutton</u>, 323 F.3d at 257).

Construed liberally, Plaintiff is alleging that he holds a sincere religious

belief in possessing and using the religious beads in question, and that he has been

prevented from using his religious beads because they were confiscated by Defendant.  (Doc. 1, p. 2); see (Doc. 1-1).  As a result, an analysis of his free exercise claim under Turner is required.

However, "[b]ecause the Turner analysis is exceedingly fact-intensive, it does not lend itself to resolution on a motion to dismiss."  Sharrieff v. Moore, 2013 U.S. Dist. LEXIS 150320, at *13 (M.D. Pa. 2013) (citing Ramirez v. Pugh, 379 F.3d 122, 128, 130 (3d Cir. 2004); Wolf v. Ashcroft, 297 F.3d 305, 308 (3d Cir. 2002)); see Lane v. Tavares, 2016 U.S. Dist. LEXIS 91052, at *29-30 (M.D. Pa. July 12, 2016) (Schwab, M.J.); Kreider v. Wetzel, 2016 U.S. Dist. LEXIS 79337, at *30, adopted by, 2016 U.S. Dist. LEXIS 88893 (M.D. Pa. July 8, 2016) (Caputo, J.); Quiero v. Muniz, 2015 U.S. Dist. LEXIS 176269, at *19, adopted by, 2016 U.S. Dist. LEXIS 18821 (M.D. Pa. Feb. 17, 2016) (Caputo, J.); Thompson v. Smeal, 54 F. Supp. 3d 339, 343 (M.D. Pa. 2014) (Nealon, J.); Holbrook v. Jellen, 2014 U.S. Dist. LEXIS 67078, at *28-30, adopted by, 2014 U.S. Dist. LEXIS 66432 (M.D. Pa. 2014) (Caputo, J.).  Consequently, Defendant's motion to dismiss will be denied to the extent it seeks dismissal of Plaintiff's First Amendment free exercise claim and thus, that claim will be allowed to proceed.[4]

---

[4]  Plaintiff does not allege a violation under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq. ("RLUIPA"), but, broadly construing his pro se allegations, such a claim might be implied.  Pursuant to the RLUIPA, "[n]o government shall

2.    Retaliation

Plaintiff alleges that Defendant's seizure of Plaintiff's religious beads was retaliation for a prior incident.  (Doc. 1-1, p. 5).  "The First Amendment protects a citizen's right to petition the government."  Banks v. Beard, 2006 U.S. Dist. LEXIS 52985, at *21 (W.D. Pa. 2006) (citing Cheminor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 130 (3d Cir. 1999)).  "Retaliation for the exercise of a constitutionally protected right is itself a violation of the Constitution which is actionable under § 1983."  Id. (citing White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981)).  "To recover on a retaliation claim, plaintiffs 'must show (1) that they engaged in a protected activity, (2) that defendant['s] retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action.'"

─────────────────────

impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability" unless that burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a)(1)-(2).  However, even if Plaintiff did allege a violation under RLUIPA that claim would be dismissed.  Plaintiff seeks only monetary relief.  (Doc. 1, p. 3).  To the extent that Plaintiff seeks monetary damages against Defendant in his official capacity, the United States Supreme Court has held that monetary relief under RLUIPA is barred by sovereign immunity.  Sossamon v. Texas, 563 U.S. 277, 288 (2011); Gee v. Sabol, 2015 U.S. Dist. LEXIS 126872, at *20-21 (M.D. Pa. 2015) (Mariani, J.).  Even if Plaintiff was suing Plaintiff in his individual capacity under the RLUIPA, such relief is not available.  See Gee, 2015 U.S. Dist. LEXIS 126872, at *19-20 (citing Sharp v. Johnson, 669 F.3d 144, 155 (3d Cir. 2012)).  Thus, a RLUIPA claim under these circumstances would be dismissed.

Chruby v. Kiwaleski, 534 F. App'x 156, 159-60 (3d Cir. 2013) (quoting Lauren

W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

While Plaintiff states that Defendant's seizure of the religious beads was

retaliation by Defendant for an "incadent (sic) prior to this one," (Doc. 1-1, p. 5),

he has failed to allege anything further about the incident in question. See (Doc.

1). Specifically, even liberally construing the complaint and attachment, the Court

cannot derive an allegation that the incident in question involved Plaintiff

engaging in a protected activity. Thus, at this juncture Plaintiff has not shown that

the complaint states grounds plausibly suggesting his entitlement to relief on his

First Amendment retaliation claim. As a result, Plaintiff's First Amendment

retaliation claim will be dismissed without prejudice pursuant to the screening

provision in 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. **Fourth and Eighth Amendment Claims**

Plaintiff alleges that his rights under the Fourth Amendment were violated

when Defendant "illegally seized [Plaintiff's] religious property" during a search

of his cell. (Doc. 1, p. 2). Defendant argues that Plaintiff has failed to state a

claim for a violation of his Fourth Amendment rights because "the Supreme Court

has held that the Fourth Amendment prohibition on unreasonable search and

seizure does not apply to prison inmates due to the exigencies of prison life."

(Doc. 22, p. 7) (citing Hudson v. Palmer, 468 U.S. 517, 529 (1984)).

It is well settled that "'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'" Watson v. Sec. Pa. Dept. of Corrs., 436 F. App'x 131, 137 (3d Cir. 2011) (quoting Hudson, 468 U.S. at 526). Thus, the search of Plaintiff's prison cell, which lead to the seizure of Plaintiff's beads, cannot constitute a Fourth Amendment violation. Consequently, Defendant's motion to dismiss Plaintiff's Fourth Amendment claim will be granted and Plaintiff's Fourth Amendment claim will be dismissed.

"However, it has also been held that while the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells, it does not mean that searches which constitute 'calculated harassment unrelated to prison needs' are permissible." Jackson v. Beard, 2015 U.S. Dist. LEXIS 36442, at *22 (M.D. Pa. 2015) (Conaboy, J.) (citing Hudson, 468 U.S. at 530; Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993); Proudfoot v. Williams, 803 F. Supp. 1048, 1051 (E.D. Pa. 1992)); Stafford v. Wetzel, 2015 U.S. Dist. LEXIS 13935, at *17-18 (M.D. Pa. 2015) (Brann, J.) (citations omitted). It should be noted, however, that such claims sound in the Eighth Amendment's prohibition of cruel and unusual punishment. See Hudson, 468 U.S. at 530. Furthermore, while the Fourth Amendment prohibition on unreasonable searches does not apply

to prison cells, "it [does not] mean that prison attendants can ride roughshod over inmates' property rights with impunity." Hudson, 468 U.S. at 530.

Liberally construing Plaintiff's complaint and attachment, it appears that Plaintiff could be attempting to assert that the alleged cell-search and harassment by Defendant violated his rights under the Eighth Amendment. As noted above, in addition to the alleged cell-search, Plaintiff claims that Defendant "has been targeting [Plaintiff] in [the] facility and even [has] been writing false reports against [him] . . . ." (Doc. 1-1, p. 5). Plaintiff continues by alleging that he "is exhausted from [Defendant] harassing [Plaintiff] and illegally seizing" the beads at issue. (Id.); see (Doc. 1, Exhibit 2).

Defendant's motion and supporting brief do not to directly address Plaintiff's harassment claim. (Doc. 1-1, pp. 3, 5). However, the Court notes that Defendant has stated in his supporting brief that the seizure of Plaintiff's religious beads occurred during a "routine search of all inmates for contraband." (Doc. 22, p. 6). While, "a court on a motion to dismiss ordinarily 'must accept the allegations in the complaint as true,' it is not compelled to accept assertions in a brief without support in the pleadings." Chavarriaga v. N.J. Dept. of Corrs., 806 F.3d 210, 232 (3d Cir. 2015) (quoting Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013)). Defendant's contention that the alleged seizure occurred during a

"routine search" is not supported by the pleadings, but rather it is contradicted by such.  See (Doc. 1-1, pp. 3, 5); see also (Doc. 1, Exhibit 2).  Therefore, Defendant does not establish that Plaintiff has failed to state a claim under the Eighth Amendment.  Consequently, to the extent that Defendant's motion to dismiss addresses Plaintiff's Eighth Amendment harassment claim it will be denied.

Although Defendant has not established that Plaintiff has failed to state a claim under the Eighth Amendment, a review of the complaint and supplement reveals that Plaintiff's Eighth Amendment claim should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  Initially, Plaintiff only complains of one (1) cell-search and generally alleges that he was the victim of Defendant's harassment.  See (Doc. 1); (Doc. 1-1, pp. 3-5); (Doc. 1, Exhibit 2).  Moreover, Plaintiff does not allege that the cell-search was unrelated to prison needs.  See (Id.).  As a result, Plaintiff fails to state a claim under the Eighth Amendment that the cell-search was a part of Defendant's calculated harassment which was also unrelated to prison needs.  Consequently, Plaintiff's Eighth Amendment harassment claim will be dismissed without prejudice pursuant to the screening provision in 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   **Fourteenth Amendment Claim**

Liberally construing the complaint and its supplement, the Court determines

19

that Plaintiff may be attempting to allege that his rights under the Equal Protection

Clause of the Fourteenth Amendment to the United States Constitution were

violated when Defendant seized his religious cultural beads because those beads

did not have "crosses on them." (Doc. 1-1, p. 3); <u>see</u> (Doc. 1, p. 2); (Doc. 1-1, pp.

5, 6).

"The Equal Protection Clause of the Fourteenth Amendment provides that

no state shall 'deny to any person within its jurisdiction the equal protection of the

laws.'" <u>Frederick v. Barbush</u>, 2014 U.S. Dist. LEXIS 27229, at *26 (M.D. Pa.

2014) (Conner, J.) (quoting U.S. CONST. amend. XIV, § 1). "It is a direction that

all individuals similarly situated be treated alike." <u>Id.</u> at *26-27 (citing <u>City of</u>

<u>Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985)).

"Selective discriminatory enforcement of a facially valid law is

unconstitutional under the Equal Protection Clause of the Fourteenth

Amendment." <u>Jewish Home of E. Pa. v. Ctrs. for Medicare and Medicaid Servs.</u>,

693 F.3d 359, 363 (3d Cir. 2012) (citing <u>Yick Wo v. Hopkins</u>, 118 U.S. 356, 373

(1886); <u>Holder v. City of Allentown</u>, 987 F.2d 188, 197 (3d Cir. 1993)). The

United States Court of Appeals for the Third Circuit has stated that:

> [t]o establish a selective enforcement claim, [a plaintiff] must
> show (1) that [they were] treated differently from another,
> similarly situated . . ., and (2) "that this selective treatment was

> based on an unjustifiable standard, such as race or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right."

Jewish Home of E. Pa., 693 F.3d at 363 (quoting Dique v. N.J. State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quotation marks omitted)); see Greco v. Senchak, 25 F. Supp. 3d 512, 520 (M.D. Pa. 2014) (Mannion, J.) (quoting Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005)).  Thus, the Third Circuit has found that to establish such a claim a plaintiff must establish a "discriminatory purpose, not mere unequal treatment or adverse effect."  Jewish Home of E. Pa., 693 F.3d at 363 (citing Snowden v. Hughes, 321 U.S. 1, 8 (1944)).  Said differently, the "decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects." Wayte v. United States, 470 U.S. 598, 610 (1985); see Jewish Home of E. Pa., 693 F.3d at 363 (quoting Wayte, 470 U.S. at 610).  Furthermore, "[d]iscriminatory enforcement of a statute or ordinance is not justified simply because the enforcement is otherwise valid."  Hill, 411 F.3d at 130 (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 424-25 (3d Cir. 2003)).

Even liberally construing his complaint, to the extent that Plaintiff is asserting a claim under the Fourteenth Amendment, he has not alleged that Defendant treated him differently from similarly situated inmates.  See (Doc. 1).

Specifically, while Plaintiff does allege that his beads were confiscated because they did not have "crosses on them," nowhere in his complaint does he claim that Defendant failed to enforce the rule at issue[5] on similarly situated inmates.  See (Doc. 1); (Doc. 22, p. 3); see also Stewart v. Varano, 601 F. App'x 107, 111 (3d Cir. 2015) (per curiam) (citing Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 424 (3d Cir. 2000) ("Where there is no discrimination, there is no equal protection violation.")); Verbanik v. Harlow, 512 F. App'x 120, 124 (3d Cir. 2013) (Plaintiff's "bare allegations of selective enforcement is not enough to state a claim; prison officials are accorded deference in their management of prison policies and practices in order to maintain prison security.") (citing Bell v. Wolfish, 441 U.S. 520, 546-47 (1979)).  As a result, Plaintiff has failed to state a selective discrimination claim under the Equal Protection Clause of the Fourteenth Amendment and thus, this claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   **LEAVE TO AMEND**

"When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint."  Smith v.

---

[5]  Defendant states that the rule in question is "Rule 13 of the Rules and Regulations of the prison, contained within the Luzerne County Division of Corrections Inmate Handbook." (Doc. 22, p. 6).

Ebbert, 2016 U.S. Dist. LEXIS 8348, at *12 (M.D. Pa. Jan. 25, 2016) (Mariani, J.)

(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000)).  Even "[w]hen a plaintiff does

not seek leave to amend a deficient complaint after a defendant moves to dismiss

it, the court must inform the plaintiff that he has leave to amend within a set period

of time, unless amendment would be inequitable or futile."  Grayson, 293 F.3d at

108 (citing Fauver, 213 F.3d at 116; Dist. Council 47 v. Bradley, 795 F.2d 310,

316 (3d Cir. 1986); Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985); Borelli v. City

of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); Simpson v. Luzerne Cnty.

Corr. Facility, 2015 U.S. Dist. LEXIS 92861, at *4-5 (M.D. Pa. 2015) (Munley, J.)

(leave to amend should be granted by a court "unless it finds bad faith, undue

delay, prejudice or futility.") (citations omitted).  "Rather, a district court 'should

freely give leave [to amend] when justice so requires.'"  Simpson, 2015 U.S. Dist.

LEXIS 92861, at *5 (quoting FED. R. CIV. P. 15(a)(2)).

    In regards to his First Amendment retaliation claim, based on the allegations

in his complaint and subsequent filings, it is conceivable that Plaintiff can cure the

deficiencies of the claim and thus, it is not necessarily futile to allow Plaintiff

leave to amend.  See (Docs. 1, 23).  Therefore, out of an abundance of caution,

Plaintiff will be afforded the opportunity to amend his First Amendment

23

retaliation claim.

Leave to amend concerning Plaintiff's Fourth Amendment claim will be denied.  As noted above, it is well settled that "'the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.'"  Watson, 436 F. App'x at 137 (quoting Hudson, 468 U.S. at 526).  Therefore, granting Plaintiff leave to amend his Fourth Amendment claim would be futile and thus, that claim will be dismissed with prejudice.

Finally, however, Plaintiff will be granted leave to amend his claims under the Eighth and Fourteenth Amendments.  Plaintiff has alleged that Defendant seized Plaintiff's beads because they did not have "crosses on them" and that he was the victim of Defendant's harassment.  (Doc. 1-1, pp. 3, 5, 6); see (Doc. 1, p. 2).  A liberal reading of the complaint and supplement, as well viewing all factual allegations in the complaint, and all reasonable inferences that can be drawn therefrom, in the light most favorable to Plaintiff, it is conceivable that he can cure the deficiencies of his Eighth and Fourteenth Amendment claims.  Therefore, out of an abundance of caution, Plaintiff also will be afforded the opportunity to amend his Eighth and Fourteenth Amendment claims.

## V.    **CONCLUSION**

As a result of the foregoing, Defendant motion to dismiss, (Doc. 21), will be

granted in part and denied in part.  Defendant's motion will be granted as to

Plaintiff's claim under the Fourth Amendment.  Defendant's motion will be denied

as to Plaintiff's free exercise claim under the First Amendment and harassment

claim under the Eighth Amendment.  Plaintiff's retaliation claim under the First

Amendment, harassment claim under the Eighth Amendment, and discrimination

claim under the Fourteenth Amendment will be dismissed without prejudice under

the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  Lastly, Plaintiff will be

granted leave to file an amended complaint that addresses the deficiencies

described above with respect to his First Amendment retaliation claim, Eighth

Amendment harassment claim, and Fourteenth Amendment discrimination claim.

Absent such a filing, this section 1983 action will be proceed solely on Plaintiff's

First Amendment free exercise claim.  <u>See</u> (Doc. 1).

      A separate Order will be issued.

**Date**: September 2, 2016                    /s/ William J. Nealon
                                                  **United States District Judge**