# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMONI MASUD JOHNSON, | : |
| Plaintiff, | : |
| v. | : 3:15-CV-1232 |
| | : (JUDGE MARIANI) |
| SERGEANT MICHAEL ROSKOSCI, | : |
| Defendant. | : |

## MEMORANDUM OPINION
## I. INTRODUCTION

Pending before the Court is Plaintiff's filing titled "Reconsideration EN BANC / Or Notice Of Appeal To Contrary" (Doc. 60).[1] This filing is considered a motion for reconsideration of the Court's Memorandum Opinion and Order which adopted the Magistrate Judge's Report and Recommendation (Doc. 52), granted Defendant Roskosci's Motion for Summary Judgment (Doc. 46), denied Plaintiff's "Request[s] for Summary Judgment" (Docs. 49, 50), entered judgment in favor of Defendant, and closed the case (Docs. 58, 59). In the underlying 42 U.S.C. § 1983 action, Plaintiff alleged that Defendant "illegally seized religious property, my necklace religious cultural tribal beeds [sic] and discriminated against me and violated my freedom of religion and 4th amendment of United States constitution." (Doc. 1 at 2.) For the reasons discussed below, the Court concludes Plaintiff has not presented a basis for reconsideration.

---

[1] Plaintiff states that his companion filing, Document 61, is a "[c]ontinuation of" his previous submission, Document 60. (Doc. 61 at 1.) Therefore, citation to Plaintiff's motion for reconsideration may be to either document.

## II. ANALYSIS

Plaintiff states that he "totally disagree[s]" with the Court's Memorandum Opinion (Doc. 60 at 3) and he requests reconsideration based on "the need to correct clear error or prevent manifest injustice" (Doc. 61 at 1).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

Under the "new evidence" prong, a court may consider "new evidence that was not available when the court granted the motion for summary judgment." *Howard Hess Dental Laboratories*, 602 F.3d at 251. However, "'new evidence', for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 252 (citing *De Long Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1139–40 (3d Cir.1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir.1981) (*en banc* )). This standard applies equally to litigants who proceed pro se. *See,*

e.g., Watson v. City of Philadelphia, Civ. A. 06–0883, 2006 WL 2818452, at *3 (E.D. Pa. Sept.28, 2006).

Although "courts often take a dim view of issues raised for the first time in post-judgment motions," the Third Circuit has held that when evidence is "so fundamental" to the disposition of the issue, then it is "not consistent with the wise exercise of discretion for the District Court to [decline] even to consider it" as proof of manifest injustice. *Max's Seafood Café*, 176 F.3d at 678 (internal quotation omitted). Thus, while "'motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment,'" *Martin v. Finley*, No. 3:15-CV-1620, 2019 WL 1473421, at *2 (M.D. Pa. Apr. 3, 2019) (quoting *United States v. Jasin*, 292 F.Supp. 2d 670, 677 (E.D. Pa. 2003)), exceptions may exist under the manifest injustice inquiry. However, motions for reconsideration should not "'be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Id.* (quoting *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012)).

In addition to Plaintiff's general assertion that his motion is based on the need to correct a clear error of law or prevent manifest injustice (Doc. 61 at 1), Plaintiff specifically points to the Court's finding that arguments raised in his objections did not challenge the reasonableness or the validity of the policy upon which Defendant relied in confiscating his beads as contraband (Doc. 61 (citing Doc. 58 at 9)). Plaintiff now posits that the prison confiscation rule "is shown to be erroneously and arbitrarily cited and shown to be

3

discriminatory or vague in light of (exhibit A1) enclosed and defendant Michael Roskosci have [sic] no way of justifying his invasion and discriminatory enforcement of rule 13 in light of exhibit A1." (Doc. 61 at 3.) This assertion, which Plaintiff appears to raise for the first time in the pending motion, relies on the difference between procedures followed upon commitment of an inmate to the facility (see Doc. 61 at 4 (Exhibit A1)) and the prison rule regarding contraband, Rule 13 of the Department of Corrections Handbook, (Doc. 61 at 3).[2]

Rule 13 of the Department of Corrections Handbook states that "Inmates are not allowed to possess contraband (contraband is any item not lawfully permitted to be kept upon commitment, any item not (lawfully) obtained through the prison or any item altered or changed from original condition or purpose." (See Doc. 47 at 2 ¶ 8.) "Commitment" information contained in Exhibit A1 provides in pertinent part that "[a]ll personal property is to be turned in, with the exception of "1 – plain link chain and religious medal which is no larger than a 50 cent piece. All other items will not be permitted beyond the booking area." (Doc. 61 at 4 (Exhibit A1).)

In Defendant Roskosci's Misconduct Report, he stated that he encountered Plaintiff "wearing 2 altered rosaries" while he was making block rounds and cell searches. (Doc. 60 at 8.) He added that the alteration was that the crosses had been taken off the rosaries. (Id.) In the Inmate Grievance filed in response to the misconduct, Plaintiff stated that he

---

[2] As has been true throughout this case, Plaintiff makes conclusory assertions which are often difficult to follow. Further, his presentation of material alleged to be related to or supportive of averments made can best be described as disjointed and labyrinthine. Plaintiff's filings currently under consideration are no exception. Regarding Exhibit A1, Plaintiff does not assert that he has submitted it to the Court previously.

4

does not call the beads rosary beads and he has a right, as a Muslim, to make the beads for his prayers. (Doc. 60 at 12.) The Grievance Officer response was that Defendant Roskosci correctly determined that the beads were altered. (*Id.*)

Plaintiff's filings fail to satisfy any recognized basis for reconsideration. To the extent Plaintiff has not previously submitted the document identifying commitment procedures, the cited material does not satisfy the "new evidence" standard set out above. To the extent Plaintiff has not made the specific assertions considered here in a previous filing, he makes no coherent argument that the evidence now cited must be considered to prevent manifest injustice.

In the Memorandum Opinion to which Plaintiff objects, the Court liberally considered whether a constitutional claim was buried in the morass of Plaintiff's disjointed assertions and filings and, as one basis for granting Defendant's summary judgment motion, concluded he had not presented evidence to support a finding that he had established a claim for trial. (Doc. 58 at 6-13 & n.3.) Plaintiff does not present any argument that changes that determination. Plaintiff does not provide any analysis as to how the commitment property exclusion provision found in Exhibit A1 renders Defendant's enforcement of Rule 13 discriminatory or unconstitutional. While the commitment provision allows an inmate, upon entering the facility, to retain possession of a "plain link chain and religious medal not larger than a 50 cent piece" (Doc. 61 at 4), it does not inherently undermine the contraband rule that "any item altered or changed from original condition or purpose" is contraband (Doc. 47 at 2 ¶ 8) or create an inference of discrimination related to the enforcement of Rule 13.

Importantly, although Plaintiff does not call the confiscated beads "rosary beads," he does not dispute that the beads are generally known as such and that they had been altered with the removal of the cross. In an exhibit which he identifies as a likeness of the confiscated beads, rosary beads are depicted. (*See* Doc. 57 at 47.) Because the confiscated beads were within the definition of contraband found in Rule 13, Plaintiff's conclusory assertions do not point to a "need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood Café*, 176 F.3d at 677.

Further, although Plaintiff states that he "totally disagree[s]" with the Court's Memorandum Opinion (Doc. 60 at 1), his current filings do not directly take issue with the Court's conclusion that, even if Plaintiff did suffer a First Amendment violation, Defendant was entitled to qualified immunity. (Doc. 58 at 14.) Thus, the Court does not find that Plaintiff has presented any basis to reconsider that determination.

### III. CONCLUSION

For the foregoing reasons, Plaintiff has not presented any basis for the Court to reconsider its previous determinations that Defndant was entitled to summary judgment and the case should be closed. Therefore, his motion for reconsideration (Doc. 60) will be denied. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge